ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| RAÚL ZAMBRANA GARCÍA<br><br>Apelado<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelante | **KLAN202401097** | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.:<br>K AC2013-0694<br><br>Sobre:<br>Ejecución de Sentencia |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, 25 de febrero de 2025.

El 6 de diciembre de 2024, el Estado Libre Asociado de Puerto Rico (ELA o peticionario) en representación del Departamento de Salud y de la Oficina de Gerencia y Presupuesto, presentó un recurso de apelación ante nos y solicitó la revisión de dos (2) dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de San Juan.

La primera revisión es de la *Sentencia Enmendada* notificada el 10 de enero de 2024, mediante la cual declaró Ha Lugar la solicitud de sentencia sumaria promovida por el Dr. Raúl Zambrana García (doctor Zambrana) y, en consecuencia, le ordenó al ELA pagar la suma de $448,391.94 por concepto de salarios dejados de devengar más intereses. Como se discutirá más adelante, sobre este dictamen no tenemos jurisdicción.

La segunda revisión es de la *Resolución y Orden Nunc Pro Tunc* notificada el 3 de octubre de 2024,

mediante la cual el foro primario ordenó al ELA realizar deducciones a la suma de $448,391.94, por concepto de Seguro Social y Medicaid, y remitir el dinero deducido al IRS. Además, ordenó al ELA aportar una suma equivalente a la remitida al IRS en concepto de Seguro Social y Medicaid, aportar una suma de $14,705.00 a la Asociación de Empleados del ELA a nombre del doctor Zambrana, la cual también se descontaría de los $448,391.44 y que satisficiera los intereses acumulados desde que se dictó sentencia el 22 de diciembre de 2023. Este último dictamen por ser una determinación post sentencia lo acogemos y consideraremos como una petición de *certiorari*.

Por los fundamentos que se exponen a continuación, **DESESTIMAMOS** la petición de revisar la Sentencia de 10 de enero de 2024, por falta de jurisdicción, y **DENEGAMOS** la expedición del auto de *certiorari, en cuanto a la Resolución y Orden de 3 de octubre de 2024.*

**I.**

El 4 de septiembre de 2013, el doctor Zambrana presentó una *Demanda en Ejecución de Sentencia* en contra del ELA.[1]  En síntesis, alegó que fue despedido ilegalmente de su puesto en el Departamento de Salud, por lo que apeló dicho acto ante la Junta Apelativa del Servicio Público (JASAP). Indicó que, después de diez (10) años se emitió una resolución que declaró Ha Lugar la apelación y ordenó la reinstalación del galeno, más el pago de los haberes dejados de percibir. No obstante, alegó que el ELA incumplió con el dictamen, por el cual

---

[1] *Demanda en Ejecución de Sentencia*, anejo I, págs. 1-5 del apéndice del recurso.

solicitó al Tribunal de Primera Instancia ordenara el pago de los salarios dejados de devengar.

Tras varios trámites procesales los cuales no son necesarios detallar, el foro primario dictó *Sentencia*, mediante la cual declaró Ha Lugar la moción dispositiva del ELA y, en consecuencia, desestimó la *Demanda*.[2] Inconforme, el doctor Zambrana apeló el dictamen ante el Tribunal de Apelaciones. El foro revisor, revocó el Tribunal de Primera Instancia y ordenó al ELA el pago de $331,990.74 por concepto de haberes dejados de devengar.[3] No obstante, el Tribunal de Apelaciones reconsideró parcialmente su dictamen para ordenar al foro primario que hiciera las deducciones correspondientes a la cuantía total.[4]

Insatisfecho, el ELA recurrió al Tribunal Supremo mediante recurso de *certiorari*. Nuestro más Alto Foro expidió el auto y revocó la sentencia del Tribunal de Apelaciones.[5] El Tribunal Supremo devolvió el caso al Tribunal de Primera Instancia para que se calculara la compensación por el salario dejado de percibir por el doctor Zambrana, conforme a sus pronunciamientos.

Luego de varios incidentes procesales, el Tribunal de Primera de Instancia notificó una *Sentencia Enmendada* el 10 de enero de 2024.[6] En esta, concluyó que el peticionario tenía el peso de la prueba para probar la cantidad de horas que le dedicó el doctor Zambrana a su práctica privada que correspondía a las horas que

---

[2] *Sentencia* del Tribunal de Primera Instancia, anejo VIII, págs. 186-197 del apéndice del recurso.
[3] *Sentencia* del Tribunal de Apelaciones, anejo XII, págs. 221-248 del apéndice del recurso.
[4] *Resolución* del Tribunal de Apelaciones, anejo XIV, págs. 258-260 del apéndice del recurso.
[5] *Opinión* del Tribunal Supremo de Puerto Rico, anejo XVI, págs. 272-296 del apéndice del recurso.
[6] *Sentencia Enmendada*, anejo LXII, págs. 474-481 del apéndice del recurso.

trabajaba en el empleo del cual fue despedido. Sostuvo que el ELA no produjo dicha prueba. En consecuencia, acogió la moción de sentencia sumaria presentada por el doctor Zambrana y ordenó al peticionario satisfacer la suma de $448,391.94 por concepto de salarios dejados de devengar más los intereses a su favor.

Nótese que, el 29 de enero de 2024, la Sucesión del doctor Zambrana (en adelante, sucesión Zambrana o la parte recurrida) presentaron una *Solicitud de Sustitución de Parte por muerte del Dr. Raúl Zambrana García*[7], la cual fue declarada Ha Lugar por el foro primario.

Ahora bien, en desacuerdo con la *Sentencia Enmendada*, el 1 de abril de 2024, el ELA presentó un recurso de *certiorari* ante este foro revisor.[8] El 31 de mayo de 2024 y notificada el 3 de junio de 2024, emitimos una *Resolución*, en el cual denegamos expedir el auto de *certiorari*.[9]

Después de varios asuntos acontecidos, el 24 de septiembre de 2024 y notificada el 3 de octubre de 2024, el foro primario emitió una *Resolución y Orden Nunc Pro Tunc*.[10] Mediante dicho dictamen, dispuso lo siguiente:

> 1. Se ordena a la parte demandada a deducir de los $448,391.94 adeudados por salarios dejados de devengar:
>
> a. La suma de $30,393.11 por concepto de Seguro Social
>
> b. La suma de $7,108.07 por concepto de Medicaid
>
> 2. La parte demandada deberá remitir al IRS el dinero así deducido.

---

[7] *Solicitud de Sustitución de Parte por muerte del Dr. Raúl Zambrana García*, anejo LXIV, págs. 501-502 del apéndice del recurso.
[8] *Petición de Certiorari*, anejo LXIX, págs. 558-595 del apéndice del recurso.
[9] *Resolución* del Tribunal de Apelaciones, anejo LXXIII, págs. 615-626 del apéndice del recurso.
[10] *Resolución y Orden Nunc Pro Tunc*, anejo LXXXII, págs. 660-663 del apéndice del recurso.

3. La parte demandada deberá cumplir con su obligación en ley y aportar al IRS, junto con la aportación de la parte demandante, lo siguiente:

a. La suma de $30,393.11 por concepto de Seguro Social

b. La suma de $7,108.07 por concepto de Medicaid

4. La parte demandada deberá hacer la aportación de $14,705.00 a la Asociación de Empleados del ELA a nombre del señor Raúl Zambrana García y descontarlo de los $448,391.94.

5. La parte demandada deberá pagar a la parte demandante el interés de 5.5% aplicable a la sentencia en cumplimiento con la Regla 44.3 de Procedimiento Civil y según dispuesto por el Comisionado de Instituciones Financieras, desde el momento de dictada de la sentencia el 22 de diciembre de 2023 hasta el saldo total de la misma. Aplicando ese interés a la cantidad de $448,391.94 esto totaliza un interés anual de $24,661.56, que se va acumulando de manera diaria a razón de $67.571.

Inconforme, el 9 de octubre de 2024, el peticionario presentó una *Moción solicitando la Reconsideración*.[11] No obstante, el 30 de octubre de 2024 y notificado el 7 de noviembre de 2024, el foro primario la declaró No Ha Lugar.[12]

Aún inconforme, el 6 de diciembre de 2024, el ELA presentó el recurso que nos ocupa y le imputó los siguientes señalamientos de error al Tribunal de Primera Instancia:

A. El Tribunal de Primera Instancia erró al dictar sentencia sumaria a favor de la parte demandante ante la existencia de controversias sobre hechos materiales que impedían disponer de la reclamación mediante el mecanismo de sentencia sumaria en esta etapa de los procedimientos, y en contra de la ley del caso establecida por la Opinión y Sentencia emitida por el Tribunal Supremo de Puerto Rico en el caso de autos.

B. El Tribunal de Primera Instancia erró al determinar que los intereses post sentencia se computan desde que se dictó la "Sentencia Enmendada" del 22 de diciembre de 2023, y que

---

[11] *Moción solicitando la Reconsideración*, anejo LXXXIII, págs. 664-667 del apéndice del recurso.
[12] *Orden*, anejo LXXXVI, págs. 677-678 del apéndice del recurso.

se imponen sobre la principal de $448,391.94 concedida por concepto de salarios dejados de percibir, y no sobre la cantidad neta resultante de la deducción de la suma principal de las cuantías de las aportaciones mandatorias dispuestas por ley.

Por su parte, el 7 de enero de 2025, la sucesión Zambrana presentó una *Solicitud de Desestimación – Alegato*. Luego de examinar referida solicitud, el 13 de enero de 2025 y notificada el 15 de enero de 2025, emitimos una *Resolución* concediendo al peticionario diez (10) días para expresarse sobre dicho escrito. El 27 de enero de 2025, el ELA presentó su oposición a la solicitud de desestimación de la parte recurrida.

Con el beneficio de los escritos de las partes, damos el recurso por perfeccionado y procedemos a resolverlo.

## II.

## -A-

En lo sustantivo, el *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Véase, Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491; *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917-918 (2008). La expedición del auto descansa en la sana discreción del tribunal. *Medina Nazario v. McNeill Healthcare*, 194 DPR 723, 729 (2016).

Para todo tipo de recurso de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En lo pertinente a este caso, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia. *IG Builders et al. v. BBVAPR,* supra, pág. 339. A esos efectos, el Tribunal Supremo expresó que:

> Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de certiorari. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos

nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia. *IG Builders et al. v. BBVAPR*, supra.

**-B-**

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 104 (2015); *AFI v. Carrión Marrero y otros*, 209 DPR 1 (2022).

**III.**

En el recurso que nos ocupa, el peticionario nos solicita la revisión de dos dictámenes, a saber, la *Sentencia Enmendada* notificada el 10 de enero de 2024 y la *Resolución y Orden Nunc Pro Tunc* notificada el 3 de octubre de 2024. En lo específico, el primer señalamiento de error atiende la *Sentencia Enmendada* y el segundo señalamiento la resolución y orden respectivamente. Dicho esto, no atenderemos el primer señalamiento de error esbozado, toda vez que ha sido presentado fuera del término jurisdiccional y la misma ya fue atendida por este Tribunal. Por lo cual, no tenemos jurisdicción para atender dicho dictamen.[13]

En cuanto al segundo señalamiento de error, el ELA argumenta que el foro primario erró al determinar que los intereses post sentencia se computan desde que se dictó la *Sentencia Enmendada*, debido a que dicho dictamen no es uno de carácter final. Además, sostiene que, el foro primario erró al imponer los intereses post sentencia sobre la suma principal de $448,391.94, sin la deducción de las cuantías correspondientes a las aportaciones mandatorias dispuestas en ley.

No obstante, luego de evaluar el recurso de epígrafe, a tenor con los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, rechazamos ejercer nuestra función revisora. No encontramos que el foro primario haya abusado de su discreción, aplicado el derecho incorrectamente o haya incurrido en algún error que amerite nuestra

---

[13] Es preciso recordar que la *Sentencia Enmendada* fue objeto de un recurso de *certiorari* ante este foro revisor. El 31 de mayo de 2024 y notificada el 3 de junio de 2024, emitimos una *Resolución*, en el cual denegamos expedir el auto de *certiorari*.

intervención. Por lo cual, procede denegar el recurso de *certiorari.*

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** la petición de revisar la Sentencia de 10 de enero de 2024, por falta de jurisdicción, y **DENEGAMOS** la expedición del auto de *certiorari, en cuanto a la Resolución y Orden de 3 de octubre de 2024.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones